1  CENTER FOR DISABILITY ACCESS
   Raymond Ballister Jr., Esq., SBN 111282
2  Russell Handy, Esq., SBN 195058
   Dennis Price, Esq., SBN 279082
3  Amanda Seabock, Esq., SBN 289900
   Mail: 8033 Linda Vista Road, Suite 200
4  San Diego, CA 92111
   (858) 375-7385; (888) 422-5191 fax
5  amandas@potterhandy.com

6  Attorneys for Plaintiff

7

8                     UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  **Orlando Garcia**,                    **Case No**.

12          Plaintiff,
                                           **Complaint For Damages And
13      v.                                 Injunctive Relief For Violations
                                           Of:** American's With Disabilities
14  **Jean Maroun,** in individual and     Act; Unruh Civil Rights Act
    representative capacity as trustee of
15  The Maroun Family Trust dated July
    2, 2014;
16  **Nathalie Maroun,** in individual and
    representative capacity as trustee of
17  The Maroun Family Trust dated July
    2, 2014; and Does 1-10,
18
            Defendants.
19

20      Plaintiff Orlando Garcia complains of Jean Maroun, in individual and

21  representative capacity as trustee of The Maroun Family Trust dated July 2,

22  2014; Nathalie Maroun, in individual and representative capacity as trustee of

23  The Maroun Family Trust dated July 2, 2014; and Does 1-10 ("Defendants"),

24  and alleges as follows:

25

26  **PARTIES:**

27  1.  Plaintiff is a California resident with physical disabilities. Plaintiff is a

28  level C-5 quadriplegic. He also suffers from Cerebral Palsy. He has manual

                                    1

Complaint

1  dexterity issues. He uses a wheelchair for mobility.

2    2.   Defendants Jean Maroun and Nathalie Maroun, in individual and
3  representative capacity as trustee of The Maroun Family Trust dated July 2,
4  2014, owned the real property located at or about 4236 Eagle Rock Blvd., Los
5  Angeles, California, in February 2020.

6    3.   Defendants Jean Maroun and Nathalie Maroun, in individual and
7  representative capacity as trustee of The Maroun Family Trust dated July 2,
8  2014, own the real property located at or about 4236 Eagle Rock Blvd., Los
9  Angeles, California, currently.

10    4.   Plaintiff does not know the true names of Defendants, their business
11  capacities, their ownership connection to the property and business, or their
12  relative responsibilities in causing the access violations herein complained of,
13  and alleges a joint venture and common enterprise by all such Defendants.
14  Plaintiff is informed and believes that each of the Defendants herein,
15  including Does 1 through 10, inclusive, is responsible in some capacity for the
16  events herein alleged, or is a necessary party for obtaining appropriate relief.
17  Plaintiff will seek leave to amend when the true names, capacities,
18  connections, and responsibilities of the Defendants and Does 1 through 10,
19  inclusive, are ascertained.

20

21    **JURISDICTION & VENUE:**

22    5.   The Court has subject matter jurisdiction over the action pursuant to 28
23  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
24  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

25    6.   Pursuant to supplemental jurisdiction, an attendant and related cause
26  of action, arising from the same nucleus of operative facts and arising out of
27  the same transactions, is also brought under California's Unruh Civil Rights
28  Act, which act expressly incorporates the Americans with Disabilities Act.

Complaint

7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.   Plaintiff went to the property to visit Shell ("Gas Station") in February 2020 with the intention to avail himself of its goods or services and to assess the business for compliance with the disability access laws.

9.   The Gas Station is a facility open to the public, a place of public accommodation, and a business establishment.

10. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible paths of travel leading into the Gas Station store in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

11. On information and belief, the defendants currently fail to provide wheelchair accessible paths of travel leading into the Gas Station store.

12. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

13. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

14. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

15. Even though the plaintiff did not confront the barriers, on information and belief the defendants currently fail to provide wheelchair accessible sales counters.

16. Moreover, on information and belief the defendants currently fail to provide wheelchair accessible restrooms. Plaintiff seeks to have these barriers

3

Complaint

1   removed as they relate to and impact his disability

2      17. The defendants have failed to maintain in working and useable

3   conditions those features required to provide ready access to persons with

4   disabilities.

5      18. The barriers identified above are easily removed without much

6   difficulty or expense. They are the types of barriers identified by the

7   Department of Justice as presumably readily achievable to remove and, in fact,

8   these barriers are readily achievable to remove. Moreover, there are numerous

9   alternative accommodations that could be made to provide a greater level of

10   access if complete removal were not achievable.

11      19. Plaintiff will return to the Gas Station to avail himself of its goods or

12   services and to determine compliance with the disability access laws once it is

13   represented to him that the Gas Station and its facilities are accessible.

14   Plaintiff is currently deterred from doing so because of his knowledge of the

15   existing barriers and his uncertainty about the existence of yet other barriers

16   on the site. If the barriers are not removed, the plaintiff will face unlawful and

17   discriminatory barriers again.

18      20. Given the obvious and blatant nature of the barriers and violations

19   alleged herein, the plaintiff alleges, on information and belief, that there are

20   other violations and barriers on the site that relate to his disability. Plaintiff will

21   amend the complaint, to provide proper notice regarding the scope of this

22   lawsuit, once he conducts a site inspection. However, please be on notice that

23   the plaintiff seeks to have all barriers related to his disability remedied. See

24   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

25   encounters one barrier at a site, he can sue to have all barriers that relate to his

26   disability removed regardless of whether he personally encountered them).

27

28   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

4

Complaint

1  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
2  Defendants.) (42 U.S.C. section 12101, et seq.)

3   21. Plaintiff re-pleads and incorporates by reference, as if fully set forth
4  again herein, the allegations contained in all prior paragraphs of this
5  complaint.

6   22. Under the ADA, it is an act of discrimination to fail to ensure that the
7  privileges, advantages, accommodations, facilities, goods and services of any
8  place of public accommodation is offered on a full and equal basis by anyone
9  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.
10 § 12182(a). Discrimination is defined, inter alia, as follows:

11      a. A failure to make reasonable modifications in policies, practices,
12         or procedures, when such modifications are necessary to afford
13         goods, services, facilities, privileges, advantages, or
14         accommodations to individuals with disabilities, unless the
15         accommodation would work a fundamental alteration of those
16         services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

17      b. A failure to remove architectural barriers where such removal is
18         readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are
19         defined by reference to the ADA Standards.

20      c. A failure to make alterations in such a manner that, to the
21         maximum extent feasible, the altered portions of the facility are
22         readily accessible to and usable by individuals with disabilities,
23         including individuals who use wheelchairs or to ensure that, to the
24         maximum extent feasible, the path of travel to the altered area and
25         the bathrooms, telephones, and drinking fountains serving the
26         altered area, are readily accessible to and usable by individuals
27         with disabilities. 42 U.S.C. § 12183(a)(2).

28  23. When a business provides paths of travel, it must provide accessible

5

Complaint

1  paths of travel.

2     24. Here, accessible paths of travel have not been provided in conformance

3  with the ADA Standards.

4     25. When a business provides facilities such as sales or transaction counters,

5  it must provide accessible sales or transaction counters.

6     26. Here, accessible sales or transaction counters have not been provided in

7  conformance with the ADA Standards.

8     27. When a business provides facilities such as restrooms, it must provide

9  accessible restrooms.

10    28. Here, accessible restrooms have not been provided in conformance with

11  the ADA Standards.

12    29. The Safe Harbor provisions of the 2010 Standards are not applicable

13  here because the conditions challenged in this lawsuit do not comply with the

14  1991 Standards.

15    30. A public accommodation must maintain in operable working condition

16  those features of its facilities and equipment that are required to be readily

17  accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

18    31. Here, the failure to ensure that the accessible facilities were available

19  and ready to be used by the plaintiff is a violation of the law.

20

21  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

22  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

23  Code § 51-53.)

24    32. Plaintiff repleads and incorporates by reference, as if fully set forth

25  again herein, the allegations contained in all prior paragraphs of this

26  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

27  that persons with disabilities are entitled to full and equal accommodations,

28  advantages, facilities, privileges, or services in all business establishment of

Complaint

1  every kind whatsoever within the jurisdiction of the State of California.  Cal.

2  Civ. Code §51(b).

3    33. The Unruh Act provides that a violation of the ADA is a violation of the

4  Unruh Act.  Cal. Civ. Code, § 51(f).

5    34. Defendants' acts and omissions, as herein alleged, have violated the

6  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

7  rights to full and equal use of the accommodations, advantages, facilities,

8  privileges, or services offered.

9    35. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

10  discomfort or embarrassment for the plaintiff, the defendants are also each

11  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

12  (c).)

13

14    **PRAYER**:

15      Wherefore, Plaintiff prays that this Court award damages and provide

16  relief as follows:

17    1. For injunctive relief, compelling Defendants to comply with the

18  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

19  plaintiff is not invoking section 55 of the California Civil Code and is not

20  seeking injunctive relief under the Disabled Persons Act at all.

21    2. Damages under the Unruh Civil Rights Act, which provides for actual

22  damages and a statutory minimum of $4,000 for each offense.

23    3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

24  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

25

26

27

28

7

Complaint

1    Dated: June 16, 2020          CENTER FOR DISABILITY ACCESS

2

3                                  By:

4                                  _____

5                                        Russell Handy, Esq.
                                         Attorney for plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Complaint